# Court of Appeals
# of the State of Georgia

ATLANTA,  June 03, 2022

*The Court of Appeals hereby passes the following order:*

## A22A0151. FREDERICK C. LOW et al. v. CAROL SWIFT.

Appellants, Frederick C. Low and his wife Darlene Low, filed this appeal from an order granting summary judgment in favor of appellee Carol Swift in their fraud/failure to disclose action against Swift and others. However, as explained below, before we can reach the merits of this appeal, we must remand this case for clarification and possible amendment of the record.

Appellants' brief, which was filed pro se,[1] fails to comply with this Court's Rules in many respects. See Court of Appeals Rule 25 (c). In particular, this failure includes the failure to properly cite to the record, see Court of Appeals Rule 25 (c) (3), which has greatly hampered our consideration of this appeal. Although it is not our responsibility to cull the record on behalf of the parties, we have searched the record multiple times in an effort to locate the deposition of appellee Carol Swift, which is referred to and incorrectly cited – by what appears to be the original deposition page and line number – multiple times by Appellants in their brief and reply brief. Additionally, the parties cited to this deposition in support of their summary judgment filings. However, the trial court's order is silent concerning what particular evidence it reviewed in granting summary judgment to Swift, merely stating that it reviewed, among other things, "the evidence of record."

While ordinarily we might assume that the "evidence of record" did not include Swift's deposition since it was not included in the record on appeal despite

---

[1] Appellants were represented by counsel when they filed their notice of appeal, but their counsel withdrew before the Appellants' brief was filed.

Appellants' request in their notice of appeal that nothing should be omitted, that assumption might not hold true here. The record shows that Appellants previously had filed a substantially similar action against, inter alios, Swift but that action was voluntarily dismissed. It is possible that Swift's deposition was filed as part of the previous case, and that the trial court had access to the deposition and considered it as part of the "evidence of record" in granting summary judgment to Swift. And that is the difficulty here – we do not know what the trial court considered in deciding Swift's summary judgment motion, and we do not know if the deposition was inadvertently omitted from the record on appeal or if what we have before us is in fact the complete record of what was considered below.[2]

This Court has the authority to order amendment or correction to the record on appeal. See OCGA § 5-6-48 (d). However, in this case, due to the uncertainty outlined above, we must remand to the trial court to resolve these issues, including holding a hearing if necessary. Once the trial court has resolved these matters and

---

[2] Although it was Appellants' responsibility to ensure a complete record, *Vineyard Indus. v. Bailey*, 343 Ga. App. 517, 519 (1) (806 SE2d 898) (2017) and the fact that they did not discover that the deposition was missing highlights the dangers of failing to follow our rules concerning proper citation to the record, we are nevertheless exercising our discretion and granting some latitude in this case because the bulk of the lower court proceedings occurred during the Covid 19 pandemic when our court systems were operating under unforseen and challenging conditions. Further, while we generally automatically affirm when it appears that evidence has been omitted from the appellate record that was considered in the lower in deciding the judgment or order appealed, id., the difficulty in this case is that is unclear whether the missing evidence was considered by the trial court in granting Swift's motion for summary judgment.

issued an order certifying the record as complete,[3] the Appellants shall have 30 days in which to refile their notice of appeal. The Appellants are cautioned to recast any future briefs filed in this Court to comply with our rules, which are available on our website, including the rule governing proper citation to the record.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,   06/03/2022          *
        *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[3] The trial court's order should include whatever findings are necessary to provide this Court with an accurate picture of what happened below. It is for the trial court to determine whether the deposition was properly made part of the record in this case but inadvertently excluded from the record on appeal.